

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2003

# Crane v. Cumberland

Precedential or Non-Precedential: Non-Precedential

Docket 02-1687

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Crane v. Cumberland" (2003). *2003 Decisions.* Paper 709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  02-1687
_____

DAVID CRANE; SAMANTHA CRANE,

Appellants

v.

CUMBERLAND COUNTY, PA; HAMPDEN TOWNSHIP;
M.L. "SKIP" EBERT, District Attorney;
ASSISTANT DISTRICT ATTORNEY JOHN ABOM;
OFFICER STEPHEN SHISSLER; RYAN S. HUNTER;
THOMAS RYAN STEVENSON; TONY S. DOLIMPIO;
RYAN SCHULLER; DEMITRIOUS KARAGIANNIS a/k/a
James Karagiannis a/k/a Jimmy Karagiannis;
PHYLLIS KARAGIANNIS; KARAGIANNIS, INC.;
SIERRA MADRE a/k/a Sierra Madre Saloon a/k/a
Sierra Madre Restaurant; John 1-99 DOE
_____

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No.99-cv-01798)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
on January 13, 2003

Before: ROTH, ALDISERT,
and FUENTES CIRCUIT JUDGES

(Opinion filed March 27, 2003)

ROTH, <u>Circuit Judge</u>:

Appellant David Crane, an African-American, was involved in an altercation in the parking lot of the Sierra Madre bar with other bar patrons.[1]  During the altercation, Crane wielded a knife and injured two men.  Crane was tried three times in a criminal prosecution and the charges were ultimately withdrawn after each prosecution resulted in a hung jury. Crane and his wife Samantha then filed suit against the prosecuting authorities, the police (including appellees Hampden Township and Officer Stephen Shissler), several individuals who participated in the altercation, and the Sierra Madre appellees.[2]  On appeal, the Cranes claim that the District Court erred by granting summary judgment to appellees Hampden Township and Shissler on the Cranes' 42 U.S.C. §1983 claims of selective denial of protective services and selective enforcement of criminal law.  As to the Sierra Madre appellees, the Cranes claim that the District Court erred in granting the Appellees' Fed. R. Civ. P. 12(b)(6) motion to dismiss (1) the federal claims under 42 U.S.C. §§1981 and

---

[1] Crane characterizes the altercation as a "racially motivated attack" by Caucasians against him and another African-American male.

[2] The Sierra Madre appellees are comprised of Demitrious Karagiannis, Phyllis Karagiannis, Karagiannis, Inc., and Sierra Madre (a/k/a Sierra Madre Saloon, Sierra Madre Restaurant).  These appellees are represented by different counsel than the Township and Shissler and, as the claims against each set of appellees differ, they will be addressed separately. The remaining defendants have had judgment entered in their favor and are not part of this appeal.

1982, and (2) the state law claims.

We have appellate jurisdiction pursuant to 28 U.S.C. §1291. We conduct plenary review of the District Court's order granting a motion to dismiss the Cranes' claims against the Sierra Madre appellants. See Emerson v. Thiel College, 296 F.3d 184, 188 (3d. Cir. 2002). Further, our review of the District Court's grant of summary judgment is plenary. See Carter v. McGrady, 292 F.3d 152, 157 (3d Cir. 2002). "Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." Id. (citations omitted). "If the [non-moving] party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

<u>Hampden Township and Officer Shissler</u>

The Cranes claim that the District Court erred in granting summary judgment in favor of Shissler and Hampden Township on Crane's section 1983 claims. As to the selective enforcement of criminal law claim, the Cranes allege that Shissler and Hampden Township wrongfully prosecuted only Crane and not the Caucasian individuals who were involved in the altercation. Though we view the facts in the light most favorable to the Cranes, as the non-moving party, we agree with the District Court that the Cranes have failed to demonstrate that there are disputed issues of material fact to survive summary judgment. See Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1165 (3d Cir. 1990). A plaintiff, in order to establish a claim of selective prosecution, must show that similarly

3

situated persons have not been prosecuted and that "the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." See United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989) (citations omitted). The Cranes have not demonstrated that others were similarly situated, as Crane was the only person who wielded a knife during the altercation. Nor have they demonstrated that Crane was prosecuted, as alleged, on the basis of his race. For example, Crane does not dispute that there was probable cause for his arrest or that there is no evidence of other incidents in which Hampden Township prosecuted an African-American but did not prosecute persons of other races.

The Cranes also claim that Crane was selectively denied protective services under §1983. Hampden Township and Officer Shissler assert that the Cranes failed to properly plead this claim before the District Court. In response, the Cranes cite various sections of their complaint[3] to demonstrate that they raised the issue of selective denial of protective services in their pleadings. They also assert that both § 1983 claims "are like two sides of the same coin." Admittedly, the District Court did not fully address the selective denial claim.[4] We have reviewed the record, however, and conclude that the claim is without

---

[3]See Compl. ¶ 47, 80, which was incorporated by reference in Count I (claiming a violation of 42 U.S.C. § 1983). The complaint did not use the terms "selective denial of protective services" or "selective enforcement."

[4]In its February 7, 2002 order, the District Court stated that "plaintiff contends that summary judgment . . . was erroneous because defendants' summary judgment motion never addressed plaintiffs' selective-prosecution or selective-enforcement claim." It then

merit. Municipalities do not owe affirmative duties to protect citizens from violence by private actors. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989). Moreover, there are no facts which support an inference of impermissible racial motives on the part of Hampton Township and Officer Shissler to establish a claim for denial of protective services.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment on the § 1983 claims against Hampden Township and Officer Shissler.

### The Sierra Madre Appellees

The Cranes also allege that the District Court erred in granting the Sierra Madre appellees' motion to dismiss because their complaint states cognizable federal claims under 42 U.S.C. §§ 1981 and 1982. In their complaint, the Cranes claimed that Sierra Madre appellees prevented Crane from exercising his right under §1981 to contract with them for service. The Cranes allege that a reasonable inference from their complaint is that Crane's fear of returning to the Sierra Madre prevents the making of any new contracts with the bar and that the Sierra Madre appellees interfered with Crane's § 1981 "privilege" to come and go from the Sierra Madre at will. We agree with the District Court that while, § 1981 prohibits racially-motivated interference with the right to contract, the party bringing suit must have sought to enter into a contract for goods or services. The Cranes do not

_____

addressed why the selective enforcement claim failed. In its earlier November 14, 2001 memorandum supporting the grant of summary judgment, the District Court determined that the § 1983 claims failed because there was probable cause to file charges against Crane.

claim that Crane was denied service while inside the bar as a patron. The events complained of followed Crane's departure from the bar. Crane's alleged fear is not the direct interference prohibited by § 1981.

The Cranes also allege that, as a patron of the Sierra Madre, Crane had a "right to go and come at pleasure" from the bar without subjection to racially motivated attacks in violation of § 1982. See United States v. Brown, 49 F.3d 1162, 1167-68 (6th Cir. 1995) (holding that section 1982 must be construed broadly to encompass the "use" of property; also citing with approval Olzman v. Lake Hills Swim Club, Inc., 495 F.2d 1333, 1337-38 (2d Cir. 1974), in which African-American children were impermissibly denied certain rights to use a swimming pool). To establish a cognizable claim under § 1982, a plaintiff "must allege with specificity facts sufficient to show...(1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his [property] rights because of race." Brown v. Phillip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001). On review, we agree with the District Court that the Cranes failed to allege such specific facts to survive a motion to dismiss. The Cranes' reliance on Olzman is misplaced because the Sixth Circuit's holding was not based on events following the plaintiffs' departure from the swim club. The Cranes' allegations are insufficient to establish a reasonable inference of race-based interference on the part of the Sierra Madre appellees with Crane's use of the Sierra Madre bar. For the foregoing reasons, we will affirm the District Court's dismissal of the § 1981 and 1982 claims.

Finally, we will affirm the District Court's denial of the exercise of supplemental

jurisdiction over the Cranes' state law claims against the Sierra Madre appellees.

<u>Conclusion</u>

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

<u>/s/ Jane R. Roth</u>
Circuit Judge